| iPEATROSS, Judge.
In this workers’ compensation action, claimant Michael Kirby (“Kirby”) appeals a judgment in which the Workers’ Compensation Hearing Officer denied him compensation benefits. The issue on appeal is whether the hearing officer erred in finding that Kirby was engaged in horseplay which led to his *934 injury. Since we find the evidence does not support a finding that Kirby was engaged in horseplay at the time of his injury, we reverse.
FACTS
In May 1996, Kirby was injured when Jerry Johnson (“Johnson”), a co-worker, stuck a hot gouging rod into Kirby’s right leg. Both men were employed by M.L. Smith, Jr., Inc. (“Smith”) at a job in Ohio when the incident occurred. At the time of the injury, Kirby was standing on a scaffold inside a lime kiln cutting down old chains with a gouging rod. As Kirby cut the chains, sparks would fly around and fall below. When the old chains fell, Johnson and other workers standing below Kirby would move the chains out of the way.
The incident occurred after Kirby had cut a chain and discarded an old gouging rod by throwing it down. Kirby testified that, as he raised his leg, he saw Johnson pick up a discarded gouging rod and come toward him. Kirby stated that, when he put his leg down, he was struck by the gouging rod and, initially, thought that he had experienced an electric shock from the new rod that he was in the process of attaching. „ Kirby fell off the scaffold and crawled to the side. Kirby then went to the office trailer where he remained the rest of the day. After the incident, Johnson told Kirby that he was trying to tap or burn Kirby’s boot.
Kirby returned to work the next morning. After lunch, he went to a clinic accompanied by Charles Smith, a co-worker and the husband of an owner of the company, who paid for the visit. Kirby returned to the job site that afternoon and|2again the next day. Kirby continued to experience pain, however, and subsequently sought additional medical treatment.
Kirby filed a claim for medical expenses and benefits, alleging that he was disabled by his injuries received in the incident. Smith and its insurer, Louisiana Workers’ Compensation Corporation (“LWCC”) answered, alleging Kirby’s injuries were a result of horseplay.
At the hearing, the parties stipulated that Kirby was injured during the course and scope of his employment with Smith, that Kirby incurred medical expenses in connection with the injury, and that Kirby’s average weekly wage at the time of the accident was $1,231.48. The parties agreed that the sole issue to be decided by the hearing officer was whether or not horseplay was involved in the incident and would preclude Kirby’s receipt of benefits. Counsel for Smith and LWCC stated that Kirby’s disability and medical status were not in question and that the other issues would “fall into line” once the horseplay issue was decided.
After testimony, the hearing officer found that horseplay was involved in the incident and denied Kirby’s request for benefits. Kirby appeals from this judgment.
DISCUSSION
Kirby’s first assertion on appeal is that the hearing officer erred in finding that horseplay was involved in the incident. Alternatively, he argues that, if horseplay was involved in the incident, Johnson was the only party voluntarily participating in the horseplay and that Johnson’s “one-sided” horseplay should not preclude Kirby from receiving benefits for the injuries he received from Johnson’s activities. We find merit in Kirby’s second argument.
[ 3An employee injured by an accident arising out of and in the course of his employment is entitled to compensation. LSA-R.S. 23:1031(A). The injured employee claiming compensation must prove a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int’l Inc., 593 So.2d 357 ( La.1992); Balsamo v. Jones, 28,885 (La.App.2d Cir.12/11/96), 685 So.2d 1140.
Injuries resulting from horseplay, however, are not covered by workers’ compensation. LSA-R.S. 23:1031(D) states: *935 Thus, if Kirby was engaged in horseplay at the time of the injury, he is not entitled to workers’ compensation benefits. LSA-R.S. 23:1031(D).
*934 An injury by accident shall not be considered as having arisen out of the employment and is thereby not covered by the provisions of this Chapter if the injured employee was engaged in horseplay at the time of the injury. (Emphasis added.)
*935 A hearing officer’s factual determinations are subject to review under the manifest error standard. Bruno v. Harbert, supra; Balsamo v. Jones, supra. Under the manifest error standard, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993); Jackson v. Creger Automotive Co., Inc., 29,249 (La.App.2d Cir.4/2/97), 691 So.2d 824, writ denied, 97-1436 (La.9/26/97), 701 So.2d 984.
At the hearing, Johnson testified that he was in the kiln with Kirby while Kirby was on the scaffold cutting the chains with the gouging rod. Johnson stated that sparks created by Kirby’s cutting were flying and falling on him. According to Johnson, when Kirby dropped the discarded gouging rod, Johnson picked it up and waved it toward Kirby, accidentally sticking Kirby’s leg. Johnson could not explain why he picked up the discarded gouging rod other than to say the action was “out of instinct.” Johnson stated that the burning was accidental. Johnson Ufurther testified, “... if it was horseplay involved, I believe I was the one that committed the horseplay.”
Jody Philley, .a witness to the event, testified that before the incident, Kirby and Johnson were working and he did not see them engaging in horseplay. Philley said that he saw Johnson pick up the gouging rod while its tip was still glowing red on the end and-move the rod in a jabbing motion at Kirby. Philley stated that he did not see any movement by Kirby while Johnson was making those motions.
Kelvin Wilson, who was present when the event occurred but did not witness the actual incident, testified that he observed Kirby and Johnson “just laughing, and talking, and joking,” but he did not see any physical horseplay at the time of the incident. Another witness from the kiln, Jimmy Lowery, testified that although “everybody” would “talk and carry on,” he did not observe any kind of horseplay between Kirby and Johnson.
Smith and LWCC presented the testimony of Charles Smith. Mr. Smith stated that when he accompanied .Kirby to the clinic for medical treatment,- he heard Kirby tell a nurse, that his injury happened through horseplay. , Carey Hall testified by deposition that Kirby,-and Johnson conversed before the incident and that Kirby saw Johnson coming toward him with the rod and tried to move out of, the way.
As stated above, the hearing officer found that horseplay was involved in the incident and denied Kirby’s claims' for compensation and medical expenses. In oral reasons for judgment, the hearing officer stated that Johnson’s testimony indicated he had waved the gouging rod at Kirby because sparks from Kirby’s gouging were flying onto Johnson. The hearing officer referred to Johnson’s statement that he engaged in horseplay and to testimony indicating that Kirby and 15Johnson had been laughing and joking around. The hearing officer further stated that Johnson’s testimony seemed to involve feelings of guilt or sympathy.
The hearing officer noted Jody Philley’s testimony that Johnson jabbed the rod at Kirby and also referred to the testimony of Casey Hall. The hearing officer found Kirby’s testimony that-he was standing working when he was struck by the rod to be inconsistent with testimony of others indicating Kirby moved his leg to avoid being hit by the rod. Finally, the hearing officer noted Charles Smith’s testimony that, after receiving medical treatment, Kirby said the injury resulted from horseplay.[1]
As stated above, Kirby may not recover workers’ compensation benefits if he was engaged in horseplay at the time of the injury. LSA-R.S. 23:1031(D). Johnson’s testimony that he engaged in horseplay at the time of the accident would support a conclusion that Johnson was engaged in playful physical activity when the incident occurred. As Kirby *936 correctly argues, however, proof of Johnson’s participation in horseplay does not establish that Kirby participated in such activity and does not preclude Kirby’s receiving compensation.
Similarly, the testimony that laughing and joking was common among the kiln workers and that Kirby and Johnson participated in such banter does not support a finding that Kirby was engaged in physical horseplay at the time of the incident. No evidence presented indicated that Kirby physically participated in any playfulness at the time of the incident. Hall’s testimony that Kirby moved his leg to avoid being touched by the hot gouging rod, while somewhat inconsistent hwith Kirby’s account of the event, does not show that Kirby consented to or participated in any boisterous physical activity.
Considering the testimony and evidence admitted at the hearing, we find the evidence does not support a finding that Kirby was engaged in horseplay at the time of his injury. LSA-R.S. 23:1031(D), therefore, would not preclude Kirby’s claim for workers’ compensation benefits.
The decision of the hearing officer is reversed. Costs of the appeal are assessed against Smith and LWCC.
REVERSED.

. The hearing officer also noted that there was no evidence showing disability. As stated previously, however, at the start of the hearing, the parties agreed that the only issue before the hearing officer was whether horseplay was- involved. ,